UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA ISBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:19-cv-1984 |
| | ) |
| ALDI (INDIANA) LP, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND JURY TRIAL DEMAND

### I. NATURE OF THE CASE

1. This is an employment discrimination action brought by Plaintiff Joshua Isbell ("Isbell" and/or "Plaintiff"), against Defendant ALDI (Indiana) LP ("Defendant" or "ALDI"), for discrimination and failure to provide a reasonable accommodation in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, as amended.

### II. PARTIES

2. Isbell is a citizen of the United States. At all time relevant to this lawsuit has resided, and been employed by ALDI in the State of Indiana.

3. ALDI is for-profit, domestic limited partnership, and, at all times relevant to this action, has maintained facilities and conducted business within the geographic boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §12117.

5. ALDI is an "employer" as defined by the ADA, 42 U.S.C. § 12111(5)(A), as

amended.

6. Isbell is an "employee," and "a qualified individual" as those terms are defined by the ADA, 42 U.S.C. § 12111(4).

7. Isbell satisfied his obligation to exhaust administrative remedies, having timely filed Charge No. 470-2018-0380, alleging disability discrimination with the EEOC, receiving the appropriate Notice of Right to Sue on February 28, 2019, and timely filing this action less than ninety days following his receipt of said notice.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(3).

### IV. FACTUAL ALLEGATIONS

9. Isbell began his employment with ALDI in August 2017 as an associate team member at ALDI's Mcgalliard Road store in Muncie, Indiana.

10. At the time he was hired, and throughout his employment with ALDI, Isbell has suffered from a bilateral hernia, resulting in dysuria and polyuria/diuresis ("polyuresis"), which constitute a "disability" as that term is defined in the ADA.

11. At all times relevant to this Complaint, Isbell met or exceeded ALDI's legitimate job performance expectations, or would have exceeded those legitimate expectations but for ALDI's refusal to provide him with a reasonable accommodation for his disability.

12. One of the symptoms of polyuria is the frequent need to urinate.

13. In approximately February, or March, of 2018 Analee Bowling ("Bowling"), Isbell's supervisor, confronted Isbell about his bathroom use.

14. Isbell told Bowling that he had a medical condition which required him to urinate frequently.

15. Bowling responded that she "[didn't] care."

16. Isbell provided medical documentation showing that his disability was an ongoing condition on April 2, 2018.

17. Isbell also requested a reasonable accommodation for his disability, specifically, that he be allowed more frequent bathroom breaks, and that he be allowed to arrive at work late on occasion, as his polyuria sometimes required him to stop and use the restroom while on his way to work.

18. On April 12, 2018, Isbell received a determination letter from ALDI that provided accommodation for a *limited* duration even though Isbell's medical documentation disclosed an ongoing issue.

19. On August 20, 2018 Isbell was informed that he was being terminated due to attendance issues.

20. However, Isbell had never received any documentation regarding disciplinary actions.

## V.  LEGAL ALLEGATIONS

### Count 1: Failure to Accommodate

21. Isbell incorporates paragraphs one (1) through twenty (20) of his Complaint by reference.

22. Isbell's dysuria and polyuria constitute disabilities, as that term is defined by the ADA, making him disabled, and/or perceived by ALDI as disabled.

23. By denying Isbell a reasonable accommodation for his disability, ALDI discriminated against Isbell, in violation of the ADA.

24. ALDI's actions subjected Isbell to a hostile work environment based on his disability, in further violation of the ADA.

25. ALDI's unlawful and discriminatory actions were intentional, willful, and/or taken

in reckless disregard for Isbell's rights.

26. As a direct and proximate result of ALDI's unlawful and discriminatory actions, Isbell suffered, and continues to suffer, damages, including but not limited to loss of employment, wages, and benefits; embarrassment; humiliation; emotional distress; and damage to his personal and professional reputation.

### Count 2: Hostile Work Environment

27. Isbell incorporates paragraphs one (1) through twenty-six (26) of his Complaint by reference.

28. By denying Isbell a reasonable accommodation for his disability, ALDI subjected Isbell to a hostile work environment based on his disability, in further violation of the ADA.

29. ALDI's unlawful and discriminatory actions were intentional, willful, and/or taken in reckless disregard for Isbell's rights.

30. As a direct and proximate result of ALDI's unlawful and discriminatory actions, Isbell suffered, and continues to suffer, damages, including but not limited to loss of employment, wages, and benefits; embarrassment; humiliation; emotional distress; and damage to his personal and professional reputation.

### VI.  RELIEF

**WHEREFORE,** Isbell respectfully requests that the Court find in his favor and provide the following relief:

31. That ALDI be ordered immediately to reinstate Isbell to the position he would have held, absent ALDI's unlawful discrimination, or to pay him front pay in lieu thereof;

32. That ALDI be ordered to pay Isbell lost wages incurred as a result of ALDI's unlawful discrimination;

33. That ALDI be ordered to pay Isbell compensatory damages for its violations of the ADA;

34. That ALDI be ordered to pay Isbell liquidated damages for its willful violation of the ADA;

35. That ALDI be ordered to pay prejudgment and post-judgment interest on all sums recoverable;

36. That ALDI be ordered to pay Isbell's reasonable attorney fees and costs; and

37. That ALDI be ordered to provide Isbell with all other relief that is just and proper.

## VII. DEMAND FOR TRIAL BY JURY

The Plaintiff, Joshua Isbell, by counsel, requests a trial by jury on all issues so triable.

Respectfully submitted,

*s/ Jay Meisenhelder*
Jay Meisenhelder, Atty No. 19996-49
JAY MEISENHELDER EMPLOYMENT
& CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite D40
Indianapolis, IN  46214
Office Telephone:     317/231-5193
Facsimile Number:    317/982-5463
Email Address:        jaym@ecrls.com